IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. ROMERO, | No. CIV S-04-0459-MCE-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| D. RUNNELS, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for an order staying and holding the instant petition in abeyance pending exhaustion of state court remedies (Doc. 15). Respondent has filed an opposition (Doc. 16), and petitioner has filed a reply (Doc. 22).[1]

/ / /

---

[1] Petitioner initially filed a reply on August 2, 2005 (Doc. 18). That document, however, was not served on respondent. By order issued on August 11, 2005, petitioner was directed to re-serve the August 2, 2005, document on respondent and to file proof of such re-service in this court within 15 days of the date of the order. While petitioner did not specifically comply with this order by filing proof of service with the court, petitioner did file and properly serve a reply brief on August 30, 2005 (Doc. 22), which the court will consider.

1

1   According to petitioner, all of the claims presented in the instant habeas petition
2 are exhausted.  Thus, this is not a "mixed" petition scenario where petitioner has presented
3 numerous claims in the same habeas corpus petition, but some of those claims are unexhausted.
4 Rather, as petitioner states, he is seeking a stay in order to exhaust completely new claims which
5 were not included in the instant petition.  Based on this distinction, the court finds that a "stay
6 and abeyance" order is not appropriate at this time.  This is not to say, however, that a "stay and
7 abeyance" order would not be appropriate should petitioner be granted leave to amend the instant
8 petition to include the unexhausted claim.[2]
9   The court will now address petitioner's failure to comply with various court
10 orders in this case.  As indicated above, petitioner was directed to re-serve his reply to
11 respondent's opposition to his motion for a "stay and abeyance" order, but failed to do so.  By
12 order issued on August 11, 2005, petitioner was also directed to re-serve his August 3, 2005,
13 notice of change of address on respondent and to file proof of such re-service in this court within
14 15 days of the date of the order.  Again, petitioner has failed to comply.  Petitioner will be
15 required to show cause and is warned that failure to respond to this order may result in dismissal
16 of the action.  See Local Rule 11-110.
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[2] The court is unwilling to construe plaintiff's motion for a "stay and abeyance" order as a motion to amend the petition.  If petitioner desires to amend the petition, he should seek to do so through a noticed motion which provides the respondent an opportunity to be heard.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a "stay and abeyance" order is denied, without prejudice; and

2. Petitioner shall show cause in writing, within 20 days of the date of this order, why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders.

DATED:   December 4, 2005.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE