IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM A. ROMERO,                    No. CIV S-04-0459-MCE-CMK-P

       Petitioner,

  vs.                                                     ORDER

D. RUNNELS,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for leave to file an amended petition (Doc. 29). Pursuant to the court's March 22, 2006, order, respondent has filed a response (Doc. 33).

       On December 7, 2005, the court denied petitioner's motion for an order staying these proceedings and holding consideration of petitioner's claims in abeyance pending exhaustion in state court of unexhausted claims ("stay and abeyance order"). The court concluded that a stay and abeyance order was not appropriate because this is not a "mixed" petition scenario where petitioner has presented numerous claims in the same habeas corpus petition, but some of those claims are unexhausted. Rather, petitioner sought a stay in order to

exhaust a completely new claim which was neither included in the instant petition, nor presented to the state court.  Petitioner now seeks leave to amend his federal habeas petition in order to add the new, unexhausted claim.

The Federal Rules of Civil Procedure, which are applicable in habeas proceedings, provide that a party may amend his or her pleading ". . . once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id.  Because respondent has filed an answer to the petition on January 11, 2005, petitioner properly seeks leave to amend.

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

The court concludes that these factors weigh against amendment in this case. Petitioner states that he wants to amend the instant petition to raise a freestanding claim of actual innocence based on DNA evidence obtained and examined in 2004 pursuant to a motion in state court filed on petitioner's behalf by the Northern California Innocence Project.  First, there is no reasonable relationship between the original petition and the proposed amendment.  In habeas cases, a new claim relates back to the original petition only where there is a common core of operative facts uniting the two.  See Mayle v. Felix, 125 S.Ct. 2526, 2572 (2005).  As respondent observes, the dispositive question on the new claim is whether the DNA evidence establishes

that petitioner was not the perpetrator. None of the claims raised in the original petition raise this question. Rather, plaintiff's claims probe alleged instructional error, jury misconduct, and insufficiency of the evidence. Had petitioner originally asserted claims based on actual innocence, the analysis might be different.

Second, granting leave to amend in this case will not promote the speedy resolution of this case. If leave to amend were granted, the petition would become "mixed" in that it would contain both exhausted and unexhausted claims. The court would be precluded from adjudicating the merits until the state court had addressed the unexhausted DNA claim. Given that it does not appear that petitioner has begun the state court process as to this claim, substantial delay would be involved if it were included in the instant petition.

Third, there appears to have been substantial delay in seeking amendment. According to the documents attached to petitioner's motion for leave to amend, a report on the DNA evidence was prepared in November 2004. Yet, petitioner waited until February 8, 2006, to seek leave to amend. Had petitioner simply filed an amended petition in November – which was before respondent answered the petition – the amendment would have been accepted as of right. Moreover, petitioner's pro se status does not explain the delay. Given that the DNA evidence was obtained on behalf of petitioner by the Northern California Innocence Project, there is no reason to believe that petitioner did not have contemporaneous access to the lab report.

Based on these considerations, the court finds that leave to amend should not be granted. Even if the court were inclined to allow the petition to be amended, the result would be a mixed petition. The options at that point would be to: (1) dismiss the entire petition for lack of exhaustion, without prejudice to petitioner returning to this court once the state court has ruled on the new claim; or (2) to issue a stay and abeyance order. The first option would be unavailing to petitioner because the statute of limitations has expired. See 28 U.S.C. § 2244(d). As to the second option, the court finds that petitioner would not be entitled to a stay and abeyance order

in this case. As a threshold condition for this court to exercise its discretion to issue a stay and abeyance order, petitioner must demonstrate good cause for failing to exhaust his claims before raising them in this case. See Rhines v. Weber, 125 S.Ct. 1528, 1534-35 (2005). As discussed above, petitioner has not even begun the state court exhaustion process as to the new DNA claim, and he offers no explanation for his failure to do so.

For the foregoing reasons, petitioner's motion for leave to amend will be denied. Nothing in this order, however, prevents petitioner from pursuing his actual innocence DNA claim in the state courts. This petition is now ready for a decision on the merits.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for leave to amend is denied.

DATED: April 5, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE