IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM A. ROMERO,

    Petitioner,

  vs.

D. RUNNELS,

    Respondent.

                                /

No. CIV S-04-0459-MCE-CMK-P

FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2005, petitioner filed a motion to stay the instant federal petition and hold proceedings in abeyance ("stay-and-abeyance") pending exhaustion in state court of a claim of actual innocence based on newly discovered DNA evidence. Respondents filed an opposition on July 1, 2005. Petitioner filed a reply on August 2, 2005. Petitioner did not, however, include proper proof of service with his reply. On August 11, 2005, petitioner was directed to re-serve his reply. He did so on August 25, 2005, and filed proof of such re-service on August 30, 2005. On December 7, 2005, the undersigned issued an order denying petitioner's stay-and-abeyance motion. The court now sua sponte revisits the question of whether a stay-and-abeyance order should issue in this case.

There are two approaches for analyzing a stay-and-abeyance motion, depending on whether the petition on file is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), applies. See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order, the court must determine that there was good cause for failing to exhaust his claims before raising them in this case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277.

Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id.

/ / /

/ / /

1         In this case, the current petition on file contains only exhausted claims. Therefore, <u>Kelly</u> – not <u>Rhines</u> – applies.  petitioner seeks to stay proceedings and hold consideration of his fully exhausted petition in abeyance pending the state court's determination of his DNA actual innocence claim.  Petitioner's motion, however, was based on <u>Rhines</u> and did not discuss <u>Kelly</u>.  Similarly, respondent's opposition focused entirely on the <u>Rhines</u> standard and did not mention <u>Kelly</u>.  Because this court must consider the <u>Kelly</u> option, See 315 F.3d at 1070, the court now does so.

        Under <u>Kelly</u>, the district court would stay proceedings and hold consideration of the fully exhausted petition in abeyance pending exhaustion in state court of a new claim.  <u>See id.</u> Following exhaustion, the petitioner would then have to return to court and seek leave to amend the petition to include the newly exhausted claim.  <u>See id.</u>  If the motion is granted, the amended petition will be fully exhausted and the district court can then proceed to adjudicate the merits of all the claims.  Under this approach, the parties litigate issues concerning amendment of the petition – in particular, the issue of relation-back of claims – <u>after</u> the state court has ruled on the new claim.

        This understandably differs from the <u>Rhines</u> approach, which requires consideration of issues such as whether petitioner has good cause for failure to exhaust before coming to federal court and whether petitioner engaged in intentional dilatory litigation tactics. When a petitioner files a mixed federal petition – to which <u>Rhines</u> applies – it means that he knew of the unexhausted claim when he filed but did not first present the claim to the state court. In contrast, <u>Kelly</u> applies to situations where the petitioner did not know of the unexhausted claim at the time he filed his federal petition.  Thus, there is no concern over why the  petitioner failed to go to state court first.  Because the concern does exist in mixed petition scenarios, <u>Rhines</u> requires the threshold good cause determination and precludes stay-and abeyance for intentionally dilatory petitioners.  See 544 U.S. at 277.

/ / /

In this case, there is no concern over why petitioner did not present his actual innocence claim before filing this federal habeas petition. According to petitioner, DNA evidence obtained <u>after the petition was filed</u> shows four possible DNA donors and excludes petitioner. This factual predicate was not known to petitioner when he filed in federal court. In addition, it is possible that federal review of the new claim could be forfeited if not eventually included in this petition. Finally, in the interests of comity and litigating all federal issues in one action, a stay-and-abeyance order would be appropriate to allow the state court to decide the matter first, and then allow this court to resolve all exhausted claims in one proceeding.

For these reasons, a stay-and-abeyance order is appropriate in this case.[1]

Based on the foregoing, the undersigned recommends that:

1. The December 5, 2005, order (Doc. 23) be vacated;

2. Petitioner's stay-and-abeyance motion (Doc. 15) be granted based on <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003);

3. These proceedings be stayed and consideration of the instant petition, containing only exhausted claims, be held in abeyance pending exhaustion in state court of petitioner's DNA claim;

4. Petitioner be directed to inform this court in writing of the state court's decision, and to file a motion in this court to lift the stay and to amend the petition to include the newly exhausted claim, within 30 days of the state court's decision;

5. The April 6, 2006, order (Doc. 34) be vacated;

6. Petitioner's motion for leave to amend (Doc. 29) be denied without prejudice as premature; and

---

[1] Because, under <u>Kelly</u>, the question of whether leave to amend the petition is saved for a later day following exhaustion, petitioner's motion for leave to amend the petition (Doc. 29) was filed prematurely. Therefore, the order denying leave to amend (Doc. 34) should be vacated and petitioner's motion should be denied without prejudice to renewal following exhaustion in state court. Finally, petitioner's motions for reconsideration of the order denying leave to amend (Docs. 38 & 41) should be denied as moot.

4

7. Petitioner's motions for reconsideration (Docs. 38 & 41) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2006.

                                                    **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE