IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. ROMERO, | No. CIV S-04-0459-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D. RUNNELS, | |
| Respondent. | |
| _____/ | |

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2006, the court granted petitioner's motion for a stay and abeyance order to allow petitioner to return to court to exhaust claims regarding DNA evidence. On March 26, 2008, respondent submitted a status report indicating that a petition for writ of habeas corpus had been filed in the California Supreme Court. On July 14, 2008, petitioner filed a notice indicating that the California Supreme Court denied habeas relief on May 31, 2008. On July 17, 2008, the court lifted the stay of proceedings and directed petitioner to file a motion to amend the petition along with a proposed amended complaint containing all his exhausted claims, including the DNA claims, within 30 days. Petitioner was warned that failure to comply could result in dismissal of the entire action for lack

of prosecution and failure to comply with court rules and orders.  On August 28, 2008, the court granted petitioner a 30-day extension of time to comply with the court's July 17, 2008, order.  To date, petitioner has not filed an amended petition.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Given petitioner's failure to prosecute this action by filing a motion to amend and proposed amended petition in compliance with the court's July 17, 2008, order, the court finds that dismissal of the entire action is an appropriate sanctions.

Based on the foregoing, the undersigned recommends that this action be dismissed for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

///

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2008

  /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE