IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. ROMERO, | No. CIV S-04-0459-MCE-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| D. RUNNELS, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's original petition contains only exhausted claims. On September 29, 2006, the court issued an order staying this case and holding further proceedings in abeyance pending exhaustion in state court of a claim of actual innocence based on DNA evidence discovered after the original federal petition was filed. The California Supreme Court denied the claims without comment or citation on May 21, 2008.[1] On July 17,

---

[1] The last reasoned state court decision – from the Solano County Superior Court – denied petitioner's claim of actual innocence because the DNA evidence did not ". . . completely undermine[] the entire structure of the case upon which the prosecution was based." Specifically, after conducting an evidentiary hearing, the court concluded that the DNA evidence revealed ". . . that Petitioner was a primary donor to samples taken from the mouth area of the mask and that Petitioner could not be excluded as donor to samples . . ." taken from other areas.

2008, the court lifted the stay and directed petitioner to file, within 30 days, either a motion to amend the petition, along with a proposed amended petition containing all exhausted claims, or a notice of his intention to stand on the original petition.  The deadline for petition to comply was eventually extended to 30 days from December 3, 2008.

On December 29, 2008, petitioner filed a motion for appointment of counsel (Doc. 56) and two notices associated with the court's order directing him to file either an amended petition or notice of intent to stand on the original petition.  In his notices, petitioner contends that, under AEDPA's statute of limitations, he should have one year from the date his DNA claim was denied by the California Supreme Court – May 21, 2008 – within which to file an amended petition in this case.  Petitioner states in his notices that if the court does not grant him the full time, he intends to stand on the original petition.  Petitioner is incorrect in his reading of the law.  Under the one-year statute of limitations, he is required to file his federal petition within one year of the later of the date his conviction became final or the factual predicate of the claim is discovered through due diligence.  As to the DNA claim, petitioner asserts that the claim is based on new DNA evidence first discovered after the federal petition was filed in 2004.  Petitioner first raised the DNA claim issue in this court in a motion filed on June 13, 2005.  Therefore, the factual predicate of the DNA claim was discovered sometime between March 2004 (when the federal petition was filed) and June 2005 (when petitioner first raised the issue in this case).  The one-year statute of limitations on the DNA claim would have started sometime during this period, not in May 2008 when the California Supreme Court denied his claim.   Petitioner has had ample time to prepare an amended petition including the DNA claim and even had the benefit of counsel in presenting the claim in the state courts.  No further extension of time will be granted.

/ / /

/ / /

/ / /

/ / /

Pursuant to petitioner's notices filed on December 29, 2008, petitioner has elected to stand on the original petition filed in March 2004. Respondent filed an answer to that petition on January 11, 2005 (Doc. 8). Petitioner's traverse filed on May 12, 2005, was stricken because it was not served on respondent. Petitioner will be provided an opportunity to serve and file a new traverse addressing respondent's answer to the claims raised in the original petition.

As to petitioner's motion for appointment of counsel (Doc. 56), there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, which proceeds on the original petition filed in March 2004, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. This case proceeds on the original petition filed in March 2004 (Doc. 1);
2. Petitioner may file a traverse within 30 days of the date of this order; and
3. Petitioner's motion for appointment of counsel (Doc. 56) is denied.

DATED: January 14, 2009

　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE